UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| KEISHA RIDDLE et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JUSTIN WALKER,<br><br>    Defendant. | Case No. 2:21-cv-00031<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

Defendant Justin Walker has moved to dismiss pro se Plaintiffs Keisha and Jonathan Riddle's claims against him under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with this Court's orders. (Doc. Nos. 25, 29.) The Riddles have not responded to Walker's motions. For the reasons that follow, the Magistrate Judge will recommend that Walker's motions be granted in part.

**I.    Factual and Procedural Background**

The Riddles allege that Keisha Riddle was a passenger in Walker's Ford F150 and was injured when Walker's driving caused the truck to hit a guardrail and roll down an embankment. (Doc. No. 1-2.) The Riddles filed a complaint against Walker in the Circuit Court for Cumberland County, Tennessee, with the assistance of counsel, alleging that Walker was liable for Keisha's injuries and the Riddles' related damages. (*Id.*)

Walker removed this action to federal court (Doc. No. 1), and the Court held an initial case management conference and entered a case management order (Doc. No. 15). The initial case management order provided, among other things, that, before filing any discovery motions, the

parties must confer in good faith and request a discovery dispute telephone conference with the Magistrate Judge. (Doc. No. 15.) The order also set a telephonic case management conference for May 23, 2022. (*Id.*)

On February 9, 2022, Walker filed a motion to compel the Riddles to respond to his interrogatories and requests for production of documents. (Doc. No. 19.) The Magistrate Judge terminated Walker's motion because he had not followed the protocols for filing discovery motions set out in the initial case management order. (Doc. No. 20.) The Magistrate Judge set a telephonic discovery dispute conference for March 8, 2022. (Doc. No. 21.)

On February 27, 2022, counsel for the Riddles moved for leave to withdraw, citing "a lack of communication" with his clients. (Doc. No. 22, PageID# 111.) Counsel represented that the lack of communication "ha[d] caused significant delay in [ ] respon[ding] to written discovery" and that he "met with Mrs. Riddle one time" and she "picked up the written discovery responses propounded by [Walker], but [counsel] ha[d] heard nothing since." (*Id.*) The Court held a telephonic conference on March 8, 2022, and granted the motion to withdraw, ordering the Riddles "to retain new counsel and have that counsel enter an appearance in this case or to file a notice that they will represent themselves going forward by no later than April 26, 2022." (Doc. No. 23.) The Riddles' former counsel certified that he served a copy of the Court's order on the Riddles by mail. (Doc. No. 24.) No new counsel entered an appearance for the Riddles, and they did not file a notice regarding their intent to represent themselves.

On April 27, 2022, Walker moved to dismiss the Riddles' complaint under Rule 41(b) for failure to prosecute and failure to comply with the Court's orders. (Doc. No. 25.) Walker's motion asks the Court to dismiss this action with prejudice and tax costs to the Riddles. (*Id.*) The Court notified the Riddles that, under the Court's initial case management order, "any response in

opposition to the motion to dismiss must be filed [ ] within 28 days of [ ] service of the motion." (Doc. No. 26.) The Court warned the Riddles "that failure to respond to the motion to dismiss in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules may result in granting the motion as unopposed or dismissing the action for failure to prosecute." (*Id.*) The Riddles did not respond to Walker's motion. They also did not appear for a telephonic case management conference on May 23, 2022. (Doc. No. 28.)

Walker filed a motion for entry of an order of dismissal, asking "the Court to grant his Motion to Dismiss for Failure to Prosecute and enter an Order dismissing this action with full prejudice, taxing the costs to the Plaintiffs." (Doc. No. 29, PageID# 125.) The Riddles have not responded to Walker's motion.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) . . confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999))). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that

failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by the Riddles.

**A.     Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that bad faith motivated the Riddles' failure to

retain new counsel, notify the Court of their intention to represent themselves, appear for a previously scheduled case management conference, or respond to Walker's motion to dismiss. However, because the Court warned the Riddles that failure to respond to Walker's motion to dismiss could result in dismissal (Doc. No. 26), their failure to respond to that motion indicates willfulness or fault for purposes of Rule 41(b) and therefore "tips the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). The first factor therefore weighs in favor of dismissal.

B.     Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do

not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

The docket in this action reflects that the Riddles' failure to communicate with their former counsel regarding discovery caused Walker to waste time, money, and effort pursuing discovery responses that the Riddles were obligated to provide. (Doc. Nos. 19, 22.) The second factor therefore weighs in favor of dismissal. *See Carpenter*, 723 F.3d at 707; *Harmon*, 110 F.3d at 368.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned the Riddles that failure to respond to Walker's motion to dismiss for failure to prosecute could result in dismissal. (Doc. No. 26.) The third factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

### IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that Walker's motion to dismiss for failure to prosecute (Doc. No. 25) and motion for entry of an order of dismissal (Doc. No. 29) be GRANTED IN PART. The Court should dismiss this action without prejudice and order that, if the Riddles refile their action against him, Walker may move for costs at that time.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 22nd day of August, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge